IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WISCONSIN WHEY PROTEIN,

                Plaintiff,                      ORDER

v.                                                24-cv-66-wmc
                                                    24-cv-517-wmc

REAL GOOD FOODS, AKSHAY JAGDALE
and JAMILEY LARIOS,

                Defendants.

---

In these civil lawsuit, plaintiff Wisconsin Whey Protein asserts various state law claims against defendants Real Good Foods, Akshay Jagdale and Jamiley Larios relating to their failure to pay for whey protein products.  In Case No. 24-cv-66, defendants filed a motion to dismiss for lack of personal jurisdiction and for failure to state a claim upon which relief could be granted.  (Dkt. #13.)  Despite receiving an extension of time to respond, plaintiff failed to oppose the motion.  Instead, he filed two motions to dismiss the complaint voluntarily without prejudice.  (Dkt. #22 and dkt. #24.)  However, both of those motions were denied because defendant Real Good Foods had already filed an answer to the complaint.  Fed. R. Civ. P. 41(a)(1)(A).  Instead, on July 17, 2024, the court *granted* defendants' motion to dismiss as unopposed and closed the 24-cv-66 case.

Rather than seek reconsideration of the court's July 17 decision or leave to file an amended complaint in the 24-cv-66 case, plaintiff filed an entirely new action against the same three defendants in Case No. 24-cv-517.  Further, plaintiff's *claims* against defendants are essentially the same as previously dismissed, though his complaint abandons one legal

theory and adds additional, factual allegations to support his claims and the court's personal jurisdiction over defendants. After defendants failed to answer or otherwise respond to the new case, plaintiff then filed a motion for entry of default, which was entered by the clerk of court on October 7, 2024. (Dkt. #24.) Plaintiff then moved for default judgment. (Dkt. #19.) Before holding a hearing, however, the court directed plaintiff to explain why his claims in this case were not precluded by the dismissal of Case No. 24-cv-66. (Dkt. #29.) He has since responded, arguing that because judgment was never entered in the 24-cv-66 case, preclusionary principles do not technically apply.

Unfortunately, plaintiff's response both misses the point and is legally wrong. If plaintiff wanted to file an amended complaint to include more factual allegations or to show why the court has personal jurisdiction over defendants, he should have done so in the 24-cv-66 case. For example, under Rule 15(a)(1)(B), plaintiff could have filed an amended complaint without leave of the court after defendants' filed their motion to dismiss. Instead, he added unnecessary complication by ignoring defendants' motion to dismiss and attempting to dismiss his original case voluntarily without prejudice. As significantly, his new complaint in 24-cv-517, again ignores the service problems identified by defendants in the original case. Specifically, the individual defendants stated that they resided in California and no longer worked for Real Good Foods, and that plaintiff had attempted to serve them by simply leaving the complaint at an office where they do not work. (Dkt. #17 and Dkt. #18, 24-cv-66.) Indeed, in this new case, plaintiff claims to have served the individual defendants by leaving the summons and complaint at a *New Jersey* office of Real Good Foods (dkt. #12), but does not explain how that would be proper

service, given these individuals (1) are no longer employees of Real Good Foods and (2) live in California.

The court cannot simply ignore the arguments and evidence that defendants presented in the previous case; nor is it appropriate for plaintiff to file a new complaint, rather than address the motions and court orders from the previously closed case. Still, in the interests of justice, the court will construe plaintiff's newly filed complaint as a motion for reconsideration of the dismissal in 24-cv-66, which will be granted. That case will be reopened and plaintiff will be granted leave to file an amended complaint. He must then show proof of *proper* service on *all* defendants or the individual defendants will be dismissed from the case. Defendant Real Good Foods will also have an opportunity to move, answer or other respond to plaintiff's newly amended complaint. Further, Case No. 24-cv-517 will be closed.

Finally, plaintiff must include in his amended complaint proper allegations regarding the citizenship of each party. Although he alleges that subject matter jurisdiction is present because he is seeking more than $75,000, he fails to include specific allegations about each parties' citizenship, including his own. If he fails to include such allegations in his amended complaint, the case will be dismissed for lack of subject matter jurisdiction.

ORDER

IT IS ORDERED that:

1) Plaintiff Wisconsin Whey Protein's motion for default judgment (dkt. #19) and motion for a hearing (dkt. #32) in 24-cv-517 are DENIED, and that case is closed as duplicative of 24-cv-66.

2) Case number 24-cv-66 is REOPENED, the court's order dismissing that case is VACATED (dkt. #25), and plaintiff is GRANTED leave to file an amended complaint in that case.

3) Plaintiff may have until March 31, 2025 to file an amended complaint in 24-cv-66 *that includes* allegations of each parties' citizenship and the amount in controversy sufficient to establish subject matter jurisdiction.

4) Plaintiff may have until 30 days after he files an amended complaint to file proof of service on all defendants in 24-cv-66.

Entered this 17th of March, 2025.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge